UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S. WHITE,

    Plaintiff,

    v.

MARSHA A. WHARFF, et al.,

    Defendants.
_____/

No. C 06-4137 PJH

**ORDER GRANTING MOTION TO DISMISS**

The motion of defendant United States of America for an order dismissing the above-entitled action came on for hearing before this court on January 24, 2007. Plaintiff appeared in pro per. Defendant United States of America appeared by its counsel, Assistant United States Attorney Cynthia Lewis Stier. Defendant Marsha A. Wharff appeared by her counsel Frank Zotter, Jr. Having read the defendant's papers, and having carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for the following reasons.

## BACKGROUND

Plaintiff Michael S. White lives Mendocino County. The United States claims that plaintiff and his wife failed to pay federal income tax for 1998 and 1999. In August 2004, the Internal Revenue Service issued a Notice of Federal Tax Lien ("NFTL"). At that time, the unpaid balance of assessment was $725,264.74.

The notice was recorded in Mendocino County on December 14, 2004, by defendant

Marsha A. Wharff ("Wharff"), the Mendocino County Recorder.  The lien was filed to secure the United States' interests for plaintiff's outstanding federal tax liabilities for tax years 1998 and 1999.

On June 23, 2006, plaintiff filed an action in the Superior Court of California, County of Mendocino, seeking a declaratory judgment that Wharff had exceeded the scope of her authority in recording the notice of tax lien.  Plaintiff asserts that the filing of the lien violates the United States Constitution and the California Constitution.  He is seeking to have the notice of lien expunged, on the ground that it is not supported by any court order, writ of execution, or order of judgment.

The County Counsel of Mendocino forwarded a copy of the complaint to the office of the United States Attorney for the Northern District of California.  The complaint was received in the U.S. Attorney's Office on June 29, 2006.

On July 3, 2006, the United States (not named as a defendant in plaintiff's suit) filed a notice of removal of the action to the Northern District.  The stated basis of the removal was 28 U.S.C. §§ 1442 and 1444.  The action was removed as case No. C-06-4137 PJH.  On July 18, 2006, the County filed an answer and "demand for relief" (not alleged as a counterclaim) seeking a declaratory judgment that the Recorder's practices with regard to handling and recordation of federal tax liens are proper.

On August 2, 2006, plaintiff filed a motion to remand, arguing that the case was improperly removed because the United States is not the defendant.  The United States filed an opposition to the motion to remand, a motion to intervene pursuant to Rule 24(a), and a motion to dismiss for lack of subject matter jurisdiction.

In the opposition to the motion to remand, the United States argued that removal of this action was proper because the real party in interest is the United States.  The United States asserted that plaintiff had alleged no cause of action against the Recorder under state law, because the requested relief – the request to expunge the notice of tax lien – involves federal rather than state law.  The United States argued further that only the United States has the authority to release a notice of tax lien (citing 26 U.S.C. § 6325(a)),

2

United States District Court
For the Northern District of California

1   and that the only involvement of the Mendocino County Recorder's Office was the
2   ministerial act of recording the lien.  The United States argued that this suit is therefore a
3   suit against the United States.

4   In the motion to intervene, the United States asserted that because only the
5   Secretary of the Treasury can authorize release of a tax lien imposed by the IRS, "it is
6   apparent that the relief sought clearly affects the United States."  Thus, the United States
7   asserted, it had a right to intervene under Rule 24(a)(1).  In the motion to dismiss, the
8   United States argued that the court lacked subject matter jurisdiction because the United
9   States had not consented to suit.  Finally, the United States argued that the court should
10  dismiss Wharff from the lawsuit.  On August 28, 2006, Wharff filed a joinder in the
11  opposition to the motion to remand and a joinder in the motion to dismiss.

12  On September 28, 2006, the court granted the motion to remand, on the ground that
13  there was no federal defendant properly named in the case.  This complaint as filed was
14  brought by plaintiff against the Mendocino County Recorder.  Because the United States
15  was not named as a defendant, and did not move to intervene in the state court action, it
16  was not authorized to remove the case.  In addition, because the United States was not a
17  defendant in the action, the court found that the motion to intervene and motion to dismiss
18  should be denied.

19  After the case was remanded, the United States moved to intervene in the state
20  court action, and motion was granted on October 27, 2006.  On November 3, 2006, the
21  United States filed a notice of removal.  The newly removed case was given a new case
22  number – C-06-6884 PJH – and was then related to the earlier removed case – C-06-4137
23  PJH.  However, the two cases are in fact the same case.

24  On December 5, 2006, the United States filed a motion to dismiss pursuant to Rules
25  12(b)(1) and 12(b)(6), in case No. C-06-4137 PJH.  On January 19, 2007, Wharff filed a
26  joinder in the motion to dismiss.  Plaintiff's opposition was due on January 3, 2007, but
27  none was filed.  The day before the hearing, the court did receive a letter from plaintiff, but
28  that letter did not present any argument in opposition to the government's motion.

3

## DISCUSSION

In the present motion, the United States makes the same arguments that it made in the previous motion to dismiss. The United States first argues that the case should be dismissed for lack of subject matter jurisdiction. The United States argues that plaintiff's action is in the nature of a quiet title action under 28 U.S.C. § 2410, and notes that quiet title actions are available for taxpayers challenging procedural irregularities in the establishment of a lien. The United States contends, however, that § 2410 does not waive sovereign immunity for claims that a taxpayer does not owe the taxes in question, and asserts that a taxpayer may not use a § 2410 action to collaterally attack the merits of an assessment. Thus, the United States submits, the case should be dismissed for lack of subject matter jurisdiction.

The United States also contends that plaintiff has provided no support for his claim that he is entitled to a release of the tax lien. The United States asserts that the argument that the tax laws are unconstitutional and that tax liens should therefore be expunged has been rejected by the courts.

Second, the United States argues that the case should be dismissed for failure to state a claim. The United States argues that the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars actions to restrain the assessment or collection of federal income taxes. If the taxpayer fails to establish that his suit falls within one of the statutory or judicially created exceptions to the Act, the district court lacks jurisdiction and must dismiss the complaint. Jensen v. I.R.S., 835 F.2d 196, 198 (9th Cir. 1987). The United States contends that the present action does not fall within any of the statutory exceptions to the Act, and argues in addition that plaintiff has not met his burden of showing that the judicially-created exception applies. Accordingly, the United States contends that the complaint fails to state a claim upon which relief can be denied.

The United States notes further that Congress has provided two avenues for contesting the IRS' determination of a tax liability. The taxpayer may either contest a deficiency in the Tax Court prior to payment, pursuant to 28 U.S.C. § 6213; or pay the

4

1  taxes in full and file an administrative claim with the IRS for a refund, and, if denied, file a
2  lawsuit under § 7422 in the district court or the Court of Claims.  The United States asserts
3  that 28 U.S.C. § 1346(a)(1) constitutes consent by the United States to suits to recover any
4  internal revenue tax alleged to have been erroneously assessed or collected, but only after
5  payment of the disputed tax in full and fulfillment of the administrative requirements of
6  § 7422.  Until plaintiff fulfills these requirements, he is not entitled to file a refund action in
7  district court.

8  Finally, the United States argues that the court should dismiss Wharff from the
9  lawsuit, asserting that the United States alone, through the Secretary of the Treasury, has
10 the authority to release the notice of tax lien.  The United States also asserts that the notice
11 of tax lien is the property of the United States, not the County of Mendocino, and that the
12 United States is therefore the real party in interest and the only proper defendant in this
13 action.

14 The court finds that the action must be dismissed for lack of subject matter
15 jurisdiction.  When a party challenges subject matter jurisdiction under Federal Rule of Civil
16 Procedure 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive
17 the motion."  Tosco Corp. v. Communities For A Better Environment, 236 F.3d 495, 499
18 (9th Cir. 2001).  "A plaintiff suing in a federal court must show in his pleading, affirmatively
19 and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does
20 not do so, the court, on having the defect called to its attention or on discovering the same,
21 must dismiss the case, unless the defect be corrected by amendment."  Id. (quoting Smith
22 v. McCullough, 270 U.S. 456, 459 (1926)).

23 In the complaint, plaintiff seeks an order "expunging" the Notice of Federal Tax Lien.
24 Under 28 U.S.C. § 1340, "district courts shall have original jurisdiction of any civil action
25 arising under any Act of Congress providing for internal revenue."  This statute, however,
26 does not constitute a waiver of sovereign immunity.  See Arford v. United States, 934 F.2d
27 229, 231 (9th Cir.1991).

28 Although plaintiff states no valid jurisdictional basis for the present action, the court

1  finds that it is in the nature of a quiet title action under 28 U.S.C. § 2410.  Section 2410
2  authorizes civil actions against the United States to, among other things, quiet title to "real
3  or personal property on which the United States has or claims a mortgage or other lien."
4  Quiet title actions are available for taxpayers challenging procedural irregularities in the
5  establishment of a lien.  See 28 U.S.C. § 2410; see also Elias v. Connett, 908 F.2d 521,
6  527 (9th Cir. 1990).  However, the scope of § 2410 is limited in tax cases.  "A taxpayer may
7  not use a section 2410 action to collaterally attack the merits of an assessment.  Rather,
8  the taxpayer may only contest the procedural validity of a tax lien." Elias, 908 F.2d at 527;
9  PCCE, Inc. v. United States, 159 F.3d 425, 428 (9th Cir.1998).

10         Here, plaintiff alleges no procedural irregularities in the establishment of the tax lien.
11 Briefly, the procedure followed by the United States is as follows:  When the United States
12 determines that a tax deficiency exists, the Internal Revenue Service is authorized to send
13 a notice of the deficiency to the taxpayer at his last known address.  See 26 U.S.C. § 6212.
14 Under 26 U.S.C. § 6213, the taxpayer then has ninety days to file a petition in the Tax
15 Court challenging the deficiency determination.  If the taxpayer goes to Tax Court, he may
16 obtain a redetermination of deficiency.  See 26 U.S.C. §§ 6213(a), 6215.

17        If the taxpayer does not go to Tax Court within ninety days, the IRS is authorized to
18 assess the deficiency against the taxpayer, who must pay upon notice and demand. 26
19 U.S.C. § 6213(c).  The IRS must give this notice, containing the amount and a demand for
20 payment, within sixty days of making the assessment.  26 U.S.C. § 6303(a). After the
21 taxpayer has paid the taxes in full, he can file an administrative claim for a refund with the
22 IRS.  If that claim is denied, he may file a lawsuit under 26 U.S.C. § 7422 in the district
23 court or the Court of Claims.

24         If, however, the taxpayer does not pay the deficiency, a lien arises in favor of the
25 United States on all real and personal property of the taxpayer, see 26 U.S.C. § 6321, as of
26 the time the assessment is made, see 26 U.S.C. § 6322.  The IRS is also authorized to
27 levy upon the taxpayer's property, after notice, to recover unpaid taxes.  26 U.S.C. § 6331.
28         A taxpayer who wishes to challenge the activities of the IRS in sending a notice of

6

1  deficiency or issuing a notice of assessment and demand for payment must bring suit
2  under a statute that waives the sovereign immunity of the United States.  See generally
3  United States v. Dalm, 494 U.S. 596 (1990).  Under 28 U.S.C. § 1346(a)(1), the United
4  States has consented to suits to recover any internal revenue tax alleged to have been
5  erroneously assessed or collected, but only after payment of the disputed tax in full and
6  fulfillment of the administrative requirements of 26 U.S.C. § 7422.  Flora v. U.S., 362 U.S.
7  145, 177 (1960).

8       Because the complaint does not challenge procedural irregularities in the
9  establishment of the lien, plaintiff may not bring a quiet title action under 26 U.S.C.
10 § 2410.  Nor may plaintiff challenge the assessment of the tax, unless he has paid the
11 disputed tax in full and complied with the requirements of 26 U.S.C. § 7422.  In addition,
12 because  only the United States, through the Secretary of the Treasury, has the authority to
13 release a Notice of Federal Tax Lien, see 26 U.S.C. § 6325(a), the United States – not the
14 Mendocino County Recorder – is the real party in interest in this case.  Accordingly, plaintiff
15 having failed to establish any basis for subject matter jurisdiction with regard to the validity
16 of the tax lien, the action must be dismissed.

17      The court finds further that the complaint fails to state a claim against defendant
18 Marsha Wharff.  Under Federal Rule of Civil Procedure 12(b)(6), dismissal for failure to
19 state a claim is proper only when it appears to a certainty that the plaintiff can prove no set
20 of facts in support of his claim that would entitle him to relief.  Morley v. Walker, 175 F.3d
21 756, 759 (9th Cir. 1999).  For the purpose of a motion to dismiss, a complaint is liberally
22 construed in favor of the plaintiff, and its allegations are taken as true.  Lee v. County of
23 Los Angeles, 240 F.3d 754, 764 (9th Cir. 2001).

24      The complaint fails to state a claim against Wharff because she properly recorded
25 the federal tax lien in accordance with the requirements of her job.  Under California Code
26 of Civil Procedure §§ 2100, et seq., notice of federal tax lien is entitled to be filed with the
27 county recorder in the county where the taxpayer resides.  Stovall v. Andrews, 65 Cal. App.
28 4th 240, 242 (1998).  Code of Civil Procedure § 2103(a)(2) provides that "[i]f a notice of

federal lien . . . is presented to a filing officer who is . . . [a] county recorder, he or she <u>shall</u> accept for filing, file for record in the manner set forth in Section 27320 of the Government Code, and index the document. . ." (emphasis added).  Government Code § 27320 provides in relevant part that "[w]hen any instrument authorized by law to be recorded is deposited in the recorder's office for record . . . [t]he recorder <u>shall</u> record it without delay . . ." (emphasis added).  Accordingly, the court finds that Wharff must be dismissed from the case.

## CONCLUSION

Plaintiff having failed to establish subject matter jurisdiction, and having failed to state a claim against defendant Whaff, the action must be dismissed.  This order of dismissal applies to both case No. C-06-4137 PJH and to case No. C-06-6884 PJH.  Because amendment will not cure the deficiencies of the complaint, the dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: January 24, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge