UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL S. WHITE,

    Plaintiff,

    v.

MARSHA A. WHARFF, et al.

    Defendants.

_____/

No. C 06-4137 PJH

**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO REMAND**

    On January 24, 2007, the above-entitled action was dismissed, for lack of subject matter jurisdiction as to defendant United States of America, and for failure to state a claim as to defendant Marsha A. Wharff. Also on January 24, 2007, judgment was entered in favor of defendants.

    On March 1, 2007, plaintiff filed a motion seeking remand to the Superior Court of California, County of Mendocino. However, because the entry of judgment terminated the case in this court, the court interprets plaintiff's motion (filed after judgment was entered) as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).

    The Federal Rules of Civil Procedure do not expressly allow for motions for reconsideration. Nevertheless, a motion for reconsideration of judgment may be brought under either Rule 59(e) or Rule 60(b). Hinton v. Pacific Enter., 5 F.3d 391, 395 (9th Cir. 1993) (motion for reconsideration of summary judgment is appropriately brought under

either rule).

A motion to alter or amend judgment pursuant to Rule 59(e) must be filed within ten days of the entry of judgment. Fed. R. Civ. P. 59(e). Because the court granted defendants' motion to dismiss for lack of subject matter jurisdiction more than 10 days before plaintiff filed the present motion, a Rule 59(e) motion would be untimely. Where the Rule 59(e) deadline has passed, a party seeking amendment of the judgment can move under Rule 60(b).[1]

Rule 60(b) provides, in relevant part,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The court finds that the motion must be DENIED because it does not satisfy any of the Rule 60(b) factors. Plaintiff does not argue that amendment is warranted because of mistake, inadvertence, surprise, or excusable neglect; does not point to any newly-discovered evidence; does not claim any fraud or misrepresentation by defendants; does not assert that the judgment is void; does not argue that the judgment should have no prospective application; and does not raise any other reason justifying relief from the operation of the judgment.

The focus of plaintiff's argument is that the court should have remanded the case instead of dismissing it for lack of subject matter jurisdiction. However, plaintiff did not file a

---

[1] The Civil Local Rules of this court also provide for motions for reconsideration, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case." Civ. L.R. 7-9(a). In this case, however, the judgment has been entered, and the local rule therefore does not apply.

motion to remand after the case was removed to this court for the second time as case No. C-06-6884, on November 3, 2006. Moreover, plaintiff filed no written opposition to defendants' motion to dismiss for lack of subject matter jurisdiction.[2]

Accordingly, the court finds that plaintiff's motion to amend the judgment must be DENIED.

**IT IS SO ORDERED.**

Dated: June 26, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[2] The court also notes that plaintiff's 56-page motion exceeds by 29 pages the page limit allowed under the Civil Local Rules of this court. See Civ. L.R. 7-2(b).